

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

*Overruled by*
*WW-277*

WILL WILSON
ATTORNEY GENERAL

February 17, 1958

Honorable John R. Coffee
County Attorney
Howard County
Big Spring, Texas

Opinion No. WW-370

Re: Whether the Commis-
sioners' Court has
the authority to con-
tract with a person
or firm to maintain
the County Courthouse.

Dear Mr. Coffee:

You have requested our opinion as to whether the
Commissioners' Court has the authority to contract with a
person or a firm for the maintenance of the Howard County
Courthouse. You state that such firm or person would hire
and fire their own employees for the maintenance and re-
pair of the Howard County Courthouse, and the contracting
person or firm alone would be responsible to the Commis-
sioners' Court.

Article 2351, Vernon's Civil Statutes, provides in
part as follows:

"Each commissioners court shall:

"7. Provide and keep in repair
courthouses, jails and all necessary
public buildings."

In construing the powers and duties of the Commis-
sioners' Court, the courts of this State have said:

"The Constitution does not confer
on the commissioners courts 'general authority
over the county business' and such courts
can exercise only such powers as the Consti-
tution itself or the statutes have 'specifi-
cally conferred upon them.' . . . While the
commissioners courts have a broad discretion
in exercising powers expressly conferred on
them, nevertheless the legal basis for any
action by any such court must be ultimately
found in the Constitution or the statutes."
Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d

1741.

451 (1948).

Article 2351c, Vernon's Civil Statutes, provides that in counties having a population of more than 500,000 the Commissioners' Court may designate a building superintendent who shall appoint all necessary employees subject to confirmation by the Commissioners' Court. The Article further provides that the Court shall have the right to discharge any such employees at any time for cause. However, this Article is not applicable to your situation since the County does not have a population of over 500,000, but even this Article provides that the Commissioners' Court shall have the ultimate right to discharge any employee for cause. This Article by implication provides that there can be no delegation of the right to hire and fire janitorial employees.

It has been held in Attorney General's Opinions No. O-2444 (1940) and No. O-6085 (1944) that the Commissioners' Court has the authority to employ and discharge Courthouse janitors, elevator operators and similar employees.

Therefore, in view of the foregoing, we are of the opinion that the Commissioners' Court has no authority to delegate the maintenance of the County Courthouse to any individual or firm.

## SUMMARY

The Commissioners' Court
has no authority to delegate
the maintenance of the County
Courthouse to any individual

or firm.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Linward Shivers

Linward Shivers
Assistant

LS:pf:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil C. Rotsch

J. Mark McLaughlin

J. Milton Richardson

John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. Geppert